

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

ANDREW CUOMO,

       Plaintiff,

   v.

RAS JAI BEY,

       Defendant.
----------------------------------------------------------X

MEMORANDUM & ORDER
19-CV-5834 (WFK)(PK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

  On October 11, 2019, defendant Ras Jai Bey ("Bey" a/k/a Shaun Nunes) filed a *pro se* notice of removal seeking to remove a pending state court criminal matter. However, he failed to pay the filing fee or to request *in forma pauperis* ("IFP") status. By letter dated October 16, 2019, Bey was provided with the proper form and instructed that to proceed, he must either pay the $400 filing fee or return the completed IFP application. Because Bey failed to respond to the Clerk's letter, by Order dated November 6, 2019, the action was dismissed without prejudice. On November 11, 2019, Bey submitted two documents: (1) a copy of the Clerk's October 16, 2019 letter and the blank IFP form; and (2) a "Writ of Pro Bono/Quo Warranto." The Court construes these submissions as a motion for reconsideration of the Court's dismissal of his case. For the reasons set forth below, Bey's request is denied.

  Bey has not paid the filing fee of $400 for this action, nor has he submitted the form application to proceed *in forma pauperis*. Instead, using "The Moorish National Republic" letterhead and insignia, Bey has submitted a "Writ of Pro Bono/Quo Warranto" in which he

1

asserts that he need not comply with the Court's request or, if he must, that gold or silver coin is the only acceptable form of payment. Bey's argument appears to be that because he is a Moorish National and holds allegiance to the Zodiac Constitution and The Moroccan Treaty of Peace and Friendship, he does not have to provide information necessary for this Court to determine if he should be permitted to proceed without paying the filing fee.

## DISCUSSION

Under 28 U.S.C. § 1914(a), the filing fee to commence a civil action is $350, plus an additional cost of $50, for a total of $400. A court may exercise its discretion to waive the filing fee upon find a plaintiff indigent. 28 U.S.C. § 1915; *Gibson v. City Municipality of New York*, 692 F.3d 198, 200 (2d Cir. 2012) (holding that "federal law generally permits a district court to waive [filing] fees for those who cannot afford them" (citing § 1915(a)(1))); *Hughes v. City of Albany*, 76 F.3d 53, 55 (2d Cir. 1997) (holding that for plaintiffs "seeking *in forma pauperis* status," ... [t]he discretion to waive prepayment of filing fees [is] conferred upon district judges by Section 1915").

Congress first enacted an IFP statute in 1892 "to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams,* 490 U.S. 319, 324 (1989) (citing *Adkins v. E.I. DuPont deNemours & Co.,* 335 U.S. 331, 342–43 (1948)). However, proceeding IFP is a privilege, not a right. *Carolina v. Rubino,* 644 Fed.Appx. 68, 72 (2d Cir. 2016) (holding that "the general rule in civil cases ... [is] that 'indigent persons have no constitutional right to proceed *in forma pauperis*' " (quoting *M.L.B. v. S.L.J.,* 519 U.S. 102, 113 (1996))); *Polanco v. Hopkins*, 510 F.3d 152, 156 (2d Cir. 2007) ("IFP status is a 'congressionally created benefit' that can be 'extended or limited by Congress,' not a constitutional right." (quoting *Rodriguez v. Cook,* 169 F.3d 1176, 1178 (9th Cir. 1999))); *Anderson v. Coughlin,* 700 F.2d 37, 42 (2d Cir.

1983) ("We keep firmly in mind the fact that the benefit of § 1915 is a privilege, not a right, and that the court's extra measure of authority in dealing with § 1915 actions is necessary because frivolous suits unduly burden the courts, sometimes obscuring meritorious claims, occasion significant expenditures of public monies, and are a means by which plaintiffs can use the federal government to harass individual defendants." (citations and internal quotation marks omitted)); *Hope Bey v. DeBlasio*, No. 17-CV-2836 (MKB), 2017 WL 6417318, at *2 (E.D.N.Y. Sept. 25, 2017) (dismissing an action due to the plaintiff's failure to pay the filing fee or submit an IFP application where the plaintiff alleged that he need not comply with the filing fee requirements because he belongs to "The Moorish National Republic" and gold and silver coins are the only lawful money, and he has none): *Bey v. Knight*, No. 15-CV-5228, 2015 WL 7734099, at *1–3 (E.D.N.Y. Nov. 30, 2015) (same).

Bey's submission does not describe his ability to pay the required fees or provide a statement of his assets as required by the IFP statute. *See* 28 U.S.C. § 1915(a)(1). Therefore, since Bey has not paid the filing fee or submitted an IFP application, his request to reconsider this Court's November 6, 2019 dismissal of this lawsuit is hereby denied.

## CONCLUSION

Accordingly, the motion for reconsideration is denied. The Clerk of Court is respectfully requested to mail this order to the address of record and to close this case. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

s/WFK
WILLIAM F. KUNTZ, II
United States District Judge

Dated: November 18, 2019
      Brooklyn, New York